95 F.3d 1154
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Philip E. BLOEDORN, Acting Regional Director of the
Thirteenth Region of the National Labor Relations
Board, for and on Behalf of the NATIONAL
LABOR RELATIONS BOARD,
Plaintiff-Appellee,
v.
WIRE PRODUCTS MANUFACTURING CORPORATION, Defendant-Appellant.
 No. 95-3656.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 19, 1996.
Decided Aug. 23, 1996.
 
 Before FLAUM, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 On July 20, 1995, Petitioner Philip E. Bloedorn, Acting Regional Director of Region 13 of the National Labor Relations Board, filed a petition in federal district court for interim injunctive relief, pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(j), pending the final disposition of this matter before the National Labor Relations Board. The petition alleged various violations of the National Labor Relations Act by Wire Products Manufacturing Corporation ("Wire Products") and requested that Wire Products be ordered to cease and desist from its unlawful conduct. On September 28, 1995, the district court issued its decision and order. The district court found that there was a "strong likelihood" that the petitioner would prevail on at least some of its allegations before the National Labor Relations Board; that the balance of potential harms from granting or denying injunctive relief was "approximately even"; and that the petitioner had established that injunctive relief was necessary to prevent irreparable harm due to the alleged unfair labor practices: "the denial of interim relief will undermine, if not nullify, the effectiveness of any final order the Board issues." Accordingly, the court issued an order enjoining Wire Products from engaging in certain listed unlawful labor practices and ordering it to take certain prospective, remedial actions. We find that the district court's decision to grant preliminary injunctive relief was not an abuse of discretion. Kinney v. Pioneer Press, 881 F.2d 485, 493 (7th Cir.1989).
 
 
 2
 Our conclusion is supported by the intervening decision and recommended order of the administrative law judge ("ALJ") who initially considered petitioner's underlying action before the National Labor Relations Board. The ALJ held extensive factual hearings on the case on July 17-21, 1995, at which all the parties were given the opportunity to submit evidence, examine and cross examine witnesses, and present argument. The ALJ issued its decision and recommended order on February 2, 1996. In its decision the ALJ discussed all of the alleged labor violations and their factual underpinnings (or lack thereof). While the ALJ recommended that some of the allegations be dismissed, it found that the petitioner had established violations of the National Labor Relations Act in the majority of its charges and issued an order consistent with these findings. In particular, the ALJ found that Wire Products had not rebutted the presumption that its union had continuing majority support from employees and that Wire Products had failed to establish that it had a good-faith doubt regarding the union's majority support at the time it withdrew recognition of the union. The National Labor Relations Board has not yet taken final action in the case. Although the ALJ did not find all of the petitioner's charges against Wire Products valid, we conclude that its decision further supports the reasonableness of the district court's decision to grant preliminary injunctive relief.
 
 
 3
 The decision of the district court is hereby AFFIRMED.